The STATE of Ohio, Appellee,

v.

DUNFEE, Appellant.

[Cite as *State v. Dunfee,* 177 Ohio App.3d 239, 2008-Ohio-3615.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 2007–CA–25.

Decided July 18, 2008.

Anthony E. Kendell, Assistant Prosecuting Attorney, for appellee.

John C. Califf, for appellant.

---

WOLFF, Presiding Judge.

{¶ 1} Duane A. Dunfee was convicted of vandalism, in violation of R.C. 2909.05(B)(1)(b), after a bench trial in the Miami County Court of Common Pleas. The charge stemmed from Dunfee damaging the window of a rear passenger door of a sheriff's cruiser. By agreement of the parties, Dunfee was tried on stipulated facts and the written arguments of counsel. The trial court found him guilty, and it sentenced Dunfee to six months in prison and ordered him to pay costs in the amount of $534.50. Dunfee appeals from his conviction, raising two assignments of error. For the following reasons, the judgment will be affirmed.

{¶ 2} I. "The trial court improperly found appellant guilty of vandalism of business property under R.C. 2909.05(b)(1)(B) when the property that was harmed was governmental property under R.C. 2909.05(B)(2)."

{¶ 3} II. "Assuming arguendo that governmental property is not legally distinct from business property, the evidence against appellant was insufficient to convict him of vandalism under R.C. 2909.05(b)(1)(B)."

{¶ 4} In his first assignment of error, Dunfee claims that he should not have been convicted of violating R.C. 2909.05(B)(1)(b), because the cruiser window constituted governmental, not business, property. Alternatively, he argues in his second assignment of error that his conviction under R.C. 2909.05(B)(1)(b) was improper because the stipulated facts are insufficient to satisfy that statute.

{¶ 5} R.C. 2909.05 enumerates several circumstances that constitute vandalism. Of relevance to this case, R.C. 2909.05(B) provides:

{¶ 6} "(B)(1) No person shall knowingly cause physical harm to property that is owned or possessed by another, when either of the following applies:

{¶ 7} "(a) The property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation, and the value of the property or the amount of physical harm involved is five hundred dollars or more;

{¶ 8} "(b) Regardless of the value of the property or the amount of damage done, the property or its equivalent is necessary in order for its owner or possessor to engage in the owner's or possessor's profession, business, trade, or occupation.

{¶ 9} "(2) No person shall knowingly cause serious physical harm to property that is owned, leased, or controlled by a governmental entity. A governmental entity includes, but is not limited to, the state or a political subdivision of the state, a school district, the board of trustees of a public library or public university, or any other body corporate and politic responsible for governmental activities only in geographical areas smaller than that of the state."

{¶ 10} "Serious physical harm" is defined as "physical harm to property that results in loss to the value of the property of five hundred dollars or more." R.C. 2909.05(F)(2).

{¶ 11} The parties stipulated to the following facts:

{¶ 12} "1. The defendant did knowingly cause physical damage in Miami County to a 2006 Ford Crown Victoria Sheriff's Cruiser.

{¶ 13} "2. The owner of record of the Cruiser is the Miami County Commissioners.

{¶ 14} "3. The possessor of the Cruiser is the Miami County Sheriff's Department.

{¶ 15} "4. The physical harm was to a single movable window in the right rear door.

{¶ 16} "5. The window was broken at approximately 9:00pm on September 21, 2006.

{¶ 17} "6. It was repaired by approximately 12:30pm the following day.

{¶ 18} "7. The repair cost $346.09 and the Defendant has reimbursed the County.

{¶ 19} "8. The Cruiser was not in service from approximately 9:30pm on September 21, 2006 until approximately 12:30pm the following day.

{¶ 20} "9. The Cruiser was capable of being used in the possessor's profession, business, trade or occupation from approximately 9:30pm on September 21, 2006 until approximately 12:30pm the following day, except during that period the Cruiser could not be used in the possessor's profession, business, trade or occupation of transporting prisoners or individuals in custody.

{¶ 21} "10. The Cruiser could not be used in any capacity of the possessor's profession, business, trade or occupation for that two hour period when the physical damage was being repaired from approximately 10:30am on September 22, 2006 until 12:30pm on the same day.

{¶ 22} "11. The possessor has a total of twelve marked Cruisers like the one at issue here.

{¶ 23} "12. The possessor has a total of thirty-eight vehicles of any kind."

{¶ 24} In his bench brief on the merits, Dunfee conceded that the stipulated facts supported that he damaged property "owned or possessed by another." He disputed, however, that the property was "necessary" for the owner or possessor to engage in its profession, business, trade, or occupation. Although Dunfee noted that there was a "very real concern whether either the Miami County Commissioners or the Miami County Sheriff's Department are engaged in a profession, business, trade, or occupation," he did not expressly argue that R.C. 2909.05(B)(1)(b) was inapplicable to his situation because the cruiser constituted governmental property.

{¶ 25} The trial court found that the stipulated facts supported a conviction under R.C. 2909.05(B)(1)(b). The court stated that the central issue was whether the cruiser window was necessary for its owner or possessor to engage in its profession, business, trade, or occupation. The trial court found that the window was necessary and that all other elements were satisfied by the stipulation. Dunfee was sentenced accordingly.

{¶ 26} On appeal, Dunfee claims that R.C. 2909.05(B)(1)(b) does not apply to governmental property, such as a police cruiser. Applying rules of statutory

construction, Dunfee claims that R.C. 2909.05(B)(2) was the only statute under which he could be prosecuted. The state responds that R.C. 2909.05(B)(1)(b) has no enumerated exceptions and, therefore, the rule of statutory construction "espressio unius est exclusio alterius"—the mention of one thing is the exclusion of another—has no application. The state further notes that we affirmed a conviction under R.C. 2909.05(B)(1)(b) for harm to a police cruiser in *State v. Murray* (1986), Clark App. No. CA 2156, 1986 WL 11912.

{¶ 27} As argued by Dunfee, the Ohio legislature identified several categories of property in the subsections of R.C. 2909.05. R.C. 2909.05(A) prohibits "serious physical harm to an occupied structure or any of its contents." R.C. 2909.05(C) concerns serious physical harm to cemeteries, cemetery enclosures, or memorials to the dead. R.C. 2909.05(D) prohibits physical harms to places of burial (i.e., tomb, crypt, or casket) or other enclosures for the dead. R.C. 2909.05(B)(1) relates to property used for business purposes, and R.C. 2909.05(B)(2) concerns governmental property.

{¶ 28} The state—as noted above—argues that R.C. 2909.05(B)(1)(b) does not "enumerate any exceptions" and, thus, the rule of statutory construction "espressio unius est exclusio alterius" has no application. We agree with the state. R.C. 2909.05(B)(1) is written broadly. By its terms, it applies to any property owned by anyone other than the defendant. R.C. 2909.05(B)(1)(b) does not limit the ownership of property that is subject to its terms. Rather, the only limitation is based on the use of the property. We find nothing in R.C. 2909.05 which precludes a prosecution under R.C. 2905.05(B)(1)(b) when the property at issue is governmental property.

{¶ 29} The first assignment of error is overruled.

{¶ 30} Dunfee next claims that there was insufficient evidence that the damaged property was necessary for the Sheriff's Department to carry out its law-enforcement functions. Dunfee further claims that the state failed to establish that the Sheriff's Department engages in a "profession, business, trade, or occupation."

{¶ 31} As recognized by the state, the case law interpreting R.C. 2909.05(B)(1), as it relates to governmental property, is sparse. Indeed, we have found only two cases that address R.C. 2909.05(B)(1)(b)'s application to governmental property. In *State v. McMillin* (1987), Gallia App. No. 85 CA 15, 1987 WL 13490, the defendant was charged with vandalism of a police cruiser, in violation of R.C. 2909.05(B)(1)(b), and other offenses when he failed to obey an order to stop his vehicle, drove through a roadblock, and had drugs and weapons in his vehicle. McMillan challenged his conviction under the then existing version of R.C. 2909.05(B)(1)(b) on the ground that there was no evidence that the owner of the

damaged police cruiser, the city of Gallipolis, engaged in any profession, business, trade, or occupation. The Fourth District rejected McMillin's assignment of error, stating that "the work of the City of Gallipolis can be commonly construed as the 'business' of the city." Although R.C. 2909.05 has been amended since *McMillin*, both the current version and the version applied in *McMillin* had provisions dealing with property used for business purposes, R.C. 2909.05(B)(1), and governmental property, R.C. 2909.05(B)(2).

{¶ 32} In *Murray*, we likewise affirmed a conviction under R.C. 2909.05(B)(1)(b) based on damage to a police cruiser. We stated: "The jury heard evidence that the defendant slashed the right front and rear tires of a Springfield Police Cruiser and that Officer Gundolf was unable to respond to calls until after the tires had been replaced. The evidence presented was sufficient to support the verdict."

{¶ 33} Parenthetically, in neither of these cases was it asserted that R.C. 2909.05(B)(1)(b) did not apply because the cruiser was governmental property.

{¶ 34} The state also relies upon *State v. Vandyke*, Lorain App. No. 05CA008723, 2007-Ohio-1356, 2007 WL 879673, in which the Ninth District affirmed a conviction for vandalism of a police cruiser. The court stated, "The weight of the evidence supports the conclusion that appellant reasonably knew that repeatedly kicking the door of the police cruiser would cause damage to the vehicle. In this case, there is no dispute that the cruiser window shattered. Furthermore, Officer Pultrone testified that the broken window required that the cruiser be placed out of service due to safety concerns, to prevent escapes and to prevent access by passengers to police equipment and weapons." We note, however, that Vandyke was charged with a violation of R.C. 2909.05(B). The Ninth District did not specify which subsection of R.C. 2909.05(B) it had considered in affirming the conviction.

{¶ 35} Although R.C. 2909.05 has been amended, we find *McMillin* and *Murray* to be persuasive. According to the stipulations, Dunfee caused physical harm to a police cruiser, which was in the possession of the Miami County Sheriff's Department. The Sheriff's Department is in the business of law enforcement. *McMillin*, supra. Furthermore, Dunfee is bound by the facts he stipulated: that the cruiser was used in the Miami County Sheriff's Department's profession, business, trade, or occupation. Stipulations 9 and 10, quoted above. The error now complained of—if any—was invited by Dunfee.

{¶ 36} Moreover, we find the evidence sufficient to support the conclusion that the cruiser window was necessary for the Miami County Sheriff's Department to engage in law enforcement. The parties stipulated that the damaged cruiser could not be used for transporting prisoners or other persons in custody while the window was broken and that it was unusable during the two hours that the

window was being repaired. The transportation of prisoners and others in custody is a basic function of law enforcement, and a cruiser capable of performing that function is necessary to the business of the Miami County Sheriff's Department. Even though the Sheriff's Department had a total of 12 vehicles, a reasonable fact-finder could conclude that each cruiser was necessary for the functioning of the Sheriff's Department. See *Murray*, supra.

{¶ 37} The second assignment of error is overruled.

{¶ 38} The judgment of the trial court is affirmed.

Judgment affirmed.

FAIN, J., concurs.

GRADY, J., dissenting:

{¶ 39} I would sustain defendant-appellant's second assignment of error.

{¶ 40} R.C. 2909.05(B)(1) prohibits physical harm to property that is owned or possessed by another, and imposes two further alternative circumstances for its violation. Paragraph (a) applies when the property is "used" by the owner in his business and the value of the loss is $500 or more. Paragraph (b) applies "[r]egardless of the value of the property or the amount of damage done," but only when "the property or its equivalent is *necessary* in order for its owner or possessor to engage in the owner or possessor's profession, business, trade, or occupation." (Emphasis added.)

{¶ 41} "Necessary" is an adjective, denoting an article or matter "that cannot be done without: that must be done or had: (is) absolutely required." Webster's Third International New Dictionary (1969). The American Heritage Dictionary defines necessary to mean "absolutely essential." It was the state's burden to prove, beyond a reasonable doubt, that the sheriff's cruiser defendant damaged was necessary to the sheriff in discharging the duties of his office. R.C. 2901.05(A).

{¶ 42} The stipulated evidence demonstrates that the cruiser was unavailable for use by the sheriff, due to the physical harm defendant had caused, between 9:30 p.m. on the date of his alleged offense until 12:30 p.m. the following day. That result does not, however, likewise demonstrate that during those hours the sheriff's use of the cruiser was necessary in order for him to perform or discharge his duties. To prove that matter, the state was required to offer evidence showing that no alternative to his use of the damaged cruiser was readily available to the sheriff during those hours.

{¶ 43} The stipulated evidence also demonstrates that, during those same hours, the sheriff possessed eleven other cruisers. The state offered no evidence

that those other cruisers were not then available for the sheriff's use in the same way or for the same purpose for which the damaged cruiser would have been, but for the physical harm defendant caused.

{¶ 44} The state's position is that, because his fleet of cruisers is necessary for the sheriff's performance of his duties, each and every one of his cruisers is likewise necessary for purposes of R.C. 2909.05(B)(1)(b). However, defendant was not convicted of causing physical harm to a class of property, but instead of committing physical harm to the particular cruiser that he damaged. The standard the state urges us to employ would permit the state to prove a violation of R.C. 2909.05(B)(1)(b), for which no proof of the value of the loss is required when the property is necessary, on the more lenient "use" standard of R.C. 2909.05(B)(1)(a), for which proof of damages valued at $500 or more is required. Any doubt concerning which ought to apply is resolved by R.C. 2901.04(A), which provides that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

{¶ 45} I would reverse and vacate defendant's conviction and sentence on a finding that the evidence before the court was insufficient as a matter of law to support a finding that he violated R.C. 2909.05(B)(1)(b), the offense of which he was convicted.