[Cite as *In re J.A.J.*, 2011-Ohio-4828.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96506

---

## IN RE: J.A.J.

## A Minor Child

---

**JUDGMENT:
REVERSED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-10101726

**BEFORE:**     Celebrezze, J., Blackmon, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**     September 22, 2011

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio   44116

**ATTORNEYS FOR APPELLEE**
**STATE OF OHIO**

William D. Mason
Cuyahoga County Prosecutor
BY:   John Wojton
Assistant Prosecuting Attorney
8111 Quincy Avenue
Room 341
Cleveland, Ohio 44104

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant, J.A.J., [1] appeals from the juvenile court's determination of delinquency for vandalism that occurred at the Hilton Elementary School ("Hilton") in Brecksville, Ohio.  After a thorough review of the record and law, we reverse the juvenile court's ruling.

{¶ 2} Several Brecksville teens were involved in the vandalism of Hilton during the holiday break in December 2009.  On three separate days, a group of male teens damaged property at the school.  Damaged items included benches, bird houses, signs, gutters, fences, a trellis, and graffiti on

---

[1] The juveniles are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.

various buildings and signs on and around the school. On the school's main sign was spray painted "[J.A.J.] was here son."

{¶ 3} Principal David Martin was alerted to the damage on December 22, 2009 by a custodian who had discovered it and called the police. Principal Martin testified that he arrived at the school that day and found several broken benches, which had been donated by the parents of various graduating classes; destroyed bird houses in the natural area used for instruction; and offensive graffiti on the school, the school's main sign, and a utility shed. Detective Hetrick of the Brecksville Police Department investigated the damage and called appellant because his name was written on the school sign. Appellant informed Det. Hetrick that he thought K.S. and several other boys had caused the damage. Det. Hetrick contacted these boys, who eventually admitted to being the perpetrators. However, they claimed that appellant had participated in the destruction of at least one bench and one bird house.

{¶ 4} Co-delinquent K.S. testified that appellant destroyed at least one bench and several bird houses on the first day the boys were at the school during winter break. Co-delinquent R.V. testified that appellant was there the second day and destroyed benches with K.S. K.S. also admitted spray painting appellant's name on a sign in an attempt to get him in trouble.

**{¶ 5}** The boys differed on the date they witnessed appellant damage property at Hilton. K.S. testified it was on December 21, while R.V. testified it was the day after. The trial court found the testimony of R.V. to be credible and established that appellant participated in the destruction of benches at the school. The court then found appellant delinquent, imposed $511 in restitution, and ordered him to pay court costs.

**{¶ 6}** Appellant timely appealed assigning two errors:

**{¶ 7}** I. "The trial court erred by denying appellant's Crim.R. 29 motion because the state presented insufficient evidence to establish the charges."

**{¶ 8}** II. "The trial court's delinquency findings were against the manifest weight of the evidence."

## Law and Analysis

### Sufficiency

**{¶ 9}** Appellant first argues that the trial court erred by denying his Crim.R. 29 motion because the state presented insufficient evidence to establish the charges.

**{¶ 10}** Motions for judgments of acquittal are governed by Crim.R. 29(A), which states that a trial court "shall order the entry of a judgment of

acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."

{¶ 11} A challenge to the sufficiency of the evidence requires a court to determine whether the state has met its burden of production at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541. In reviewing for sufficiency, courts are to assess if the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 12} Appellant was found delinquent of vandalism, a violation of R.C. 2909.05 (B)(1)(b). This statute provides that "[n]o person shall knowingly cause physical harm to property that is owned or possessed by another, when * * * [r]egardless of the value of the property or the amount of damage done, the property or its equivalent is necessary in order for its owner or possessor to engage in the owner's or possessor's profession, business, trade, or occupation."[2]

---

[2] This provision applies to governmental property. *State v. Dunfee*, 177 Ohio App.3d 239, 2008-Ohio-3615, 894 N.E.2d 359, ¶30-36.

{¶ 13} Appellant argues that there was insufficient evidence adduced at trial demonstrating that the items he allegedly destroyed were necessary for the education of grade school children at Hilton. K.S. testified that appellant destroyed bird houses and benches. R.V. testified that appellant destroyed benches.

{¶ 14} This court has recently reversed a conviction based on R.C. 2909.05(B)(1)(b) where the state did not present sufficient evidence that a broken window prevented a neighborhood community center from operating. *State v. Sullivan*, Cuyahoga App. No. 94269, 2010-Ohio-5357, ¶15.

{¶ 15} Principal Martin testified that the bird houses were a necessary part of an outdoor classroom used to instruct children, but he elaborated further. He termed the area an "outdoor learning lab" where "teachers take children out all times of the year. Our parents do habitat hikes during recess, and they go out and explore different aspects of the habitats. It's like a miniature nature preserve." However, Principal Martin testified it was the offensive graffiti that prevented the outdoor area from being used. There is no evidence that appellant engaged in any spray painting at the school. The testimony indicated that the graffiti occurred on the final day of vandalism when appellant was not present.

{¶ 16} In *Sullivan*, a case involving the destruction of a window of a neighborhood community facility, this court found, "there was no evidence

presented that the window was necessary for the center to conduct business. In fact, the evidence showed that the broken window had no effect on the center's ability to conduct business. A board was installed over the window to secure it until the glass was replaced two weeks later. There was no evidence that the center had to remain closed during this two week period." Id. at ¶13.

{¶ 17} Similar to *Sullivan*, the bird houses appellant allegedly destroyed were not necessary for the use of the outdoor learning lab. Although Principal Martin testified that the bird houses were necessary, he failed to state how they were necessary for the operation of the outdoor learning lab. A bald statement that a few birdhouses were necessary for the operation of the lab, a statement going to an essential element of a charged crime, does not constitute sufficient evidence of proof beyond a reasonable doubt that the birdhouses were necessary in order for Hilton to engage in the education of its students. Hilton students could still use the lab without a few birdhouses and engage in outdoor education and learning.

{¶ 18} In *State v. Johnson*, Cuyahoga App. No. 90450, 2008-Ohio-5869, ¶27, this court affirmed a conviction for vandalism under the instant subsection finding "[t]he evidence clearly demonstrated that the property, the cement floor of the Second District jail owned by the City of Cleveland, was affected by flooding * * * and was closed for nearly two hours to incoming

prisoners. The booking and jailing of incoming prisoners is most certainly a necessary element of jail operation."

{¶ 19} In *State v. Dunfee*, 177 Ohio App.3d 239, 2008-Ohio-3615, this court upheld another conviction based on R.C. 2909.05(B)(1)(b) where the window of a sheriff's cruiser was damaged. That court found that the damaged property, the window of the cruiser, was necessary for the operation of the cruiser, which itself, was necessary for the sheriff's department to carry out its law enforcement function.

{¶ 20} No such evidence of need exists in the record in the present case. The outdoor learning lab, like the police cruiser in *Dunfee*, was a necessary part of the victim's trade or business. However, it was not the loss of the bird houses that caused the unavailability of the lab; rather, the record demonstrates it was the graffiti.

{¶ 21} Further, the destruction of benches did not result in the loss of property "necessary in order for its owner or possessor to engage in the owner's or possessor's profession, business, trade, or occupation." R.C. 2909.05(B)(1)(b). The benches were extra seating areas that provided students with a desirable, but not necessary, area to study and eat outdoors in the warmer months of the year.

{¶ 22} The destruction of benches and birdhouses did not cause the unavailability of the "outdoor learning lab." It was other damage,

perpetrated by the other children, which rendered the natural area unfit for Hilton students.

**{¶ 23}** Viewing this evidence in a light most favorable to the state, it is insufficient to establish that appellant damaged property necessary for the trade or business of Hilton. There is sufficient evidence that the graffiti caused the unavailability of the outdoor learning lab; however, there is no evidence that appellant caused that graffiti. Likewise, even though evidence exists in the record to demonstrate that the value of the property damaged was over $500, appellant's charging complaint of delinquency only tracks the language of R.C. 2909.05(B)(1)(b). We held in *Sullivan* that "the fact that sufficient evidence was presented under (B)(1)(a) does not support Sullivan's conviction under (B)(1)(b) because Sullivan was not indicted under (B)(1)(a) nor was the jury instructed regarding this section." Id. at ¶16. Therefore, appellant's finding of delinquency must be reversed. This holding renders appellant's remaining argument regarding manifest weight moot.

Judgment is reversed, appellant's finding of delinquency is vacated, and appellant is ordered discharged.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA A. BLACKMON, P.J., CONCURS;
LARRY A. JONES, J., DISSENTS (SEE SEPARATE OPINION)


LARRY A. JONES, J., DISSENTING:

Respectfully, I dissent.

{¶ 24} The majority finds that the evidence was insufficient to support a vandalism adjudication against appellant because (1) there was no evidence that he participated in spray painting graffiti and (2) the benches and birdhouses were not necessary for the school to engage in educating its children.

{¶ 25} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. A court analyzing the sufficiency of the evidence does not engage in a weighing of credibility. *Gevedon v. Ivey*, 172 Ohio App.3d 567, 2007-Ohio-2970, 876 N.E.2d 604, ¶52.

{¶ 26} Principal Martin was asked the following question: "Given the totality of the damage that has been done to the school, the broken benches in the third grade area, the damage done to the habitat, the spray painting and graffiti that was done, did any of this have an impact on your ability to educate these children?" Martin's answer was "Yes."

{¶ 27} The testimony from the other juveniles involved in the incident was that appellant participated in damaging bird houses and benches. Principal Martin testified that the "totality" of the damage impacted the school's ability to educate its children. The majority states that "[a]lthough Principal Martin testified that the bird houses were necessary, he failed to state how they were necessary for the operation of the outdoor learning lab." That statement casts doubt on Martin's testimony. The statement, therefore, would be appropriate under a review for manifest weight of the evidence, but is not appropriate under a sufficiency of the evidence review. Whether one believes Martin is not a query for a sufficiency review. His testimony presented evidence that, if believed, would support a vandalism adjudication under R.C. 2909.05(B)(1)(b) against appellant.

{¶ 28} Thus, I would uphold appellant's vandalism adjudication as being supported by sufficient evidence.