**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF : | : | |
| | : | Appellate Case No. 2013-CA-22 |
| L.B. | : | |
| | : | Trial Court Case No. 21320453 |
| | : | |
| | : | (Juvenile Appeal from Miami County |
| | : | Probate/Juvenile Court) |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of March, 2014.

. . . . . . . . . . .

ELIZABETH C. SCOTT, Atty. Reg. 0076045, 120 West Second Street, Suite 603, Dayton, Ohio 45402
    Attorney for Appellant, L.B.

PAUL M. WATKINS, Atty. Reg. #0090868, 201 West Main Street, Troy, Ohio 45373
    Attorney for Appellee, State of Ohio

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} L.B. appeals from an adjudication of delinquency by reason of committing an act that, were she an adult, would constitute the offense of Vandalism, in violation of R.C.

2909.05(B)(1)(b). L.B. contends that the juvenile court erred by denying her Crim.R. 29 motion for acquittal because the State failed to present evidence sufficient to support her adjudication. She further claims that the adjudication is against the weight of the evidence.

{¶ 2} We conclude the State offered sufficient evidence to overcome L.B.'s Crim.R. 29 motion for acquittal and to support the adjudication of delinquency on the charge of Vandalism. We also conclude that the adjudication is not against the manifest weight of the evidence. The judgment of the juvenile court is Affirmed.

### I.  L.B. Cuts Off her Electronically Monitored House Arrest Ankle Bracelet

{¶ 3} In May 2013, L.B. was adjudicated as delinquent by reason of committing an act that would constitute Assault if she were an adult. She was placed on probation and was confined to her home under an order of Electronically Monitored House Arrest (EMHA). The juvenile probation department secured an ankle bracelet with an attached transmitter on L.B.'s leg for EMHA monitoring. On May 29, 2013, L.B. left her home, cut off the ankle bracelet with the transmitter and threw the device into a  river. The device has not been recovered. She did not return home for fourteen hours.

### II.  The Course of Proceedings

{¶ 4} L.B. was charged with being delinquent by reason of committing the offense of Vandalism. At the hearing, L.B. stipulated that she "cut off her ankle bracelet and threw it into the river, all without permission." She further stipulated that she "knew she wasn't to damage her ankle bracelet."

{¶ 5}     Stephanie Henning, L.B.'s probation officer, testified that L.B. was placed on Level One Probation with EMHA, which entailed placing a transmitter attached to an ankle bracelet onto L.B.'s leg.   She testified that her duties and responsibilities required her to monitor L.B.'s compliance with the court's orders regarding probation, including remaining confined within her home.   Henning testified that the removal of the transmitter prevented her from being able to monitor L.B.   Henning testified that the transmitter was not recovered, and had not been able to be used for monitoring EMHA of L.B. or others.   She further testified that the transmitter was necessary to her supervision and monitoring of L.B.'s home confinement.   On cross-examination, defense counsel asked the following:   "Fair to say that the ankle bracelet transmitter ... this.   It's not necessary for you to perform your duties as a probation officer, correct?"   Henning replied, "correct."

{¶ 6}     Following the hearing, L.B. was adjudicated delinquent, and was placed on a period of supervision.   L.B. appeals.

### III.   Because L.B.'s Act Prevented her Probation Officer from Performing her Duty to Monitor L.B.'s Compliance with Electronically Monitored House Arrest, the State Proved that L.B. Committed an Act that Would Constitute Vandalism if She Were an Adult

{¶ 7}     L.B.'s sole assignment of error is as follows:

THE TRIAL COURT ERRED BY DENYING APPELLANT'S CRIM.R. 29 MOTION BECAUSE THE STATE PRESENTED INSUFFICIENT EVIDENCE TO ESTABLISH THE CHARGES, AS WELL AS THE TRIAL COURT'S DELINQUENCY FINDINGS WERE AGAINST THE MANIFEST

WEIGHT OF THE EVIDENCE.

{¶ 8}   L.B. contends that the State failed to prove the elements of the offense of Vandalism, because there is no evidence that the loss of the transmitter prevented Henning from performing her job duties.  She further argues that the evidence demonstrates that other means existed for monitoring her while on probation.  She also argues that the adjudication is not supported by the weight of the evidence.

{¶ 9}   Crim. R. 29(A) states that a court shall order an entry of judgment of acquittal if the evidence is insufficient to sustain a conviction for the charged offense.  "Reviewing the denial of a Crim. R. 29 motion therefore requires an appellate court to use the same standard as is used to review a sufficiency of the evidence claim."  *State v. Witcher*, 6th Dist. Lucas No. L-06-1039, 2007-Ohio-3960. "In reviewing a claim of insufficient evidence, '[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'"   (Internal citations omitted). *State v. Crowley*, 2d Dist. Clark No. 2007 CA 99, 2008-Ohio-4636, ¶ 12.

{¶ 10}   "A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." *State v. Cassell*, 2d Dist. Clark No. 09CA0064, 2011-Ohio-23, ¶ 46. When  a conviction is challenged on appeal as being against the manifest weight of the evidence, " '[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be

reversed and a new trial ordered.' " *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). L.B. assumes, and we agree, that the Ohio jurisprudence relating to Crim.R. 29 motions and manifest-weight-of-the evidence reviews in criminal cases applies as well to juvenile delinquency adjudications.

{¶ 11} The offense of Vandalism is proscribed by R.C. 2909.05, which provides in pertinent part as follows:

> (B)(1) No person shall knowingly cause physical harm to property that is owned or possessed by another, when either of the following applies:
>
> * * *
>
> (b) Regardless of the value of the property or the amount of damage done, the property or its equivalent is necessary in order for its owner or possessor to engage in the owner's or possessor's profession, business, trade, or occupation.

{¶ 12} L.B. relies on a holding of the Eighth District Court of Appeals wherein that court found insufficient evidence against a juvenile accused of Vandalism. *In re J.A.J.*, 8th Dist. Cuyahoga No. 96506, 2011-Ohio-4824. In that case, several juveniles vandalized an outdoor learning lab at an elementary school by destroying bird houses and benches and by painting obscene graffiti. *Id.* There was no evidence adduced at trial to indicate that J.A.J. had participated in the graffiti; only that he had damaged a bench and a birdhouse. The testimony of the school's principal indicated that the outdoor area was rendered unusable for a period of time due to the obscene nature of the graffiti. *Id.* at 15. The court held that J.A.J.'s actions did not support an adjudication, because the bird houses and benches were not necessary to the

utilization of the outdoor area. *Id.* at 20-21. L.B. contends that, as in *J.A.J.*, it might have been more "convenient" if the damage to the property had not occurred, but the damage did not prevent Henning from carrying out her duties, because the ankle bracelet transmitter was not the only means by which Henning could monitor her location.

{¶ 13} We find *In re J.A.J.* to be distinguishable. Although Henning did not claim she was completely unable to perform the duties of her job because of the loss of the transmitter, and although she admitted that there are other methods for supervising children on probation, she did testify that the transmitter was necessary equipment for monitoring L.B. while L.B. was on EMHA. The transmitter would not be necessary for types of probation other than EMHA. Henning testified that it was her job to monitor whether L.B. followed the terms of her probation including home confinement. She testified that she was completely unable to monitor L.B. for fourteen hours, due to the fact that L.B. removed and discarded the transmitter.

{¶ 14} The facts in this case are more akin to the facts in *State v. Dunfee*, 177 Ohio App.3d 239, 2008-Ohio-3615, 894 N.E.2d 359 (2d Dist.). In that case, we held that a defendant was guilty of Vandalism, pursuant to R.C. 2909.05(B)(1)(b), when he damaged the window of a Sheriff's Department cruiser, because the "cruiser could not be used for transporting prisoners or other persons in custody while the window was broken and * * * was unusable during the two hours that the window was being repaired." *Id.* at ¶ 36. Despite the fact that the police department had twelve cruisers, we found that "a reasonable fact-finder could conclude that each cruiser was necessary for the functioning of the Sheriff's Department." *Id.*

{¶ 15} Similarly, in *State v. Glass*, 10th District Franklin No. 11AP-890, 2012-Ohio-2993, the court of appeals upheld a conviction based upon evidence that the

defendant had broken a seal over a residential electric meter and taken the seal from the home. Although the evidence was that the seal was not necessary for the provision of electricity to the residence, the court held that the seal was necessary "to protect the electric meter from harm, and unauthorized removal, and to prevent people from stealing electricity from the city [and thus] is necessary for the city to conduct its business of providing electricity to the public, in this case, [the person from whose house the meter was stolen]." *Id.* at ¶ 37.

**{¶ 16}** The evidence in this case supports a finding that L.B. was subject to EMHA as a condition of her probation and that the transmitter was necessary to Henning's job of monitoring L.B.'s compliance with the home confinement term of her probation. The issue is not that Henning could not perform any of her duties as a probation officer, but that without the transmitter, Henning was unable to perform her duty to monitor L.B. We agree with the juvenile court that the removal and subsequent disposal of the transmitter prevented Henning from performing the relevant task. We further conclude that L.B.'s actions prevented the juvenile probation department from being able to monitor other juveniles in the future. As in *Dunfee*, *supra*, each transmitter is necessary for the function of EMHA monitoring by the juvenile probation office.

**{¶ 17}** Although L.B. incorporates an argument that her adjudication is against the manifest weight of the evidence, she really has no separate argument on that point. The facts in this case are not in dispute. The only issue is whether they make out the Vandalism offense.

**{¶ 18}** L.B.'s sole assignment of error is overruled.

### III.   Conclusion

{¶ 19} L.B.'s sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Elizabeth C. Scott
Paul M. Watkins
Hon. W. McGregor Dixon, Jr.

Case Name:     *In the Matter Of: L.B.*
Case No:            Miami County App. No. 2013-CA-22
Panel:              Fain, Donovan, Welbaum
Author:             Mike Fain
Summary:            Trial court did not err in overruling Crim.R. 29 motion and adjudicating juvenile to have been delinquent.  Act of cutting off Electronically Monitored House Arrest ankle bracelet and throwing it in the river prevented juvenile's probation officer from performing her duty to monitor the juvenile's compliance with the terms of the house arrest for fourteen hours.  This act would have constituted the offense of Vandalism, in violation of R.C. 2909.05(B)(1)(b), had the juvenile been an adult. Affirmed.