OPINION
{¶ 1} Defendant-appellant Kevin Dewayne Crowley appeals his conviction and sentence for one count of tampering with evidence, in violation of R.C. § 2921.12(A)(1), a felony of the third degree, and one count of possession of drugs, in violation of R.C. § 2925.11(A), a felony of the fourth degree. *Page 2 
 {¶ 2} On February 5, 2007, Crowley was indicted for one count of tampering with evidence and one count of possession of drugs. Crowley was arraigned on February 20, 2007, and pled not guilty to the charges against him.
 {¶ 3} Following a jury trial which began on July 12, 2007, and concluded on July 13, 2007, Crowley was found guilty on all counts. On July 27, 2007, the trial court sentenced Crowley to four years on the tampering with evidence charge and to 17 months on the possession of drugs charge, the sentences to be served consecutively to one another for an aggregate sentence of five years and five months. Crowley filed a timely notice of appeal with this Court on August 29, 2007.
 I {¶ 4} The incident which forms the basis for Crowley's arrest and subsequent conviction occurred late in the evening on January 26, 2007, when Officers William Speakman and Michael Kranz from the Springfield Police Department observed a white Pontiac automobile with expired tags. The officers initiated a stop of the vehicle near the intersection of East Main Street and Limestone Street in Springfield, Clark County, Ohio.
 {¶ 5} Upon approaching the vehicle, the officers observed two individuals in the front of the vehicle, and one individual sitting in the rear passenger side of the vehicle. Officer Kranz testified that he observed various drug paraphernalia, including a water bong attached to a military style gas mask, in the seat next to the rear passenger. Because there were three individuals in the vehicle, the officers called for backup and waited until additional police officers arrived before they attempted to remove the individuals from the vehicle. After backup arrived on the scene, Officer Kranz ordered the rear passenger to exit the vehicle, but he refused. Officer Kranz then *Page 3 
Officer Kranz then physically removed the rear passenger from the vehicle, and a brief struggle ensued. During the struggle, the passenger, later identified as Arbrie Smith, threw a 9mm handgun under a police cruiser. Eventually, the officers used pepper spray to subdue Smith, and placed him in Officer Speakman's cruiser. The handgun retrieved from beneath the police cruiser was found to be loaded.
 {¶ 6} After Smith was secured by Officer Kranz, Officer Speakman testified that he observed the passenger in the front seat, later identified as the appellant, repeatedly place his hand between the side of his seat and the door of the vehicle. Officer Speakman testified that he told Crowley numerous times to stop moving his hands. It was not until another officer at the scene unholstered his service weapon that Crowley decided to comply with Officer Speakman's orders. At this point, Crowley attempted to make a call on his cell phone, but Officer Speakman testified that he told him to put the phone down and ordered him out of the vehicle. Crowley exited the vehicle and immediately informed the officers that he had a small quantity of marijuana on his person. The subsequent search of Crowley turned up a baggie of marijuana. The officers then took Crowley into custody, and also removed the driver, later identified as Dwight Flowers, from the vehicle. The officers then searched the area between the front passenger seat and the door where Officers Speakman had observed Crowley placing his hand. After a brief search, Officer Roger Jenkins discovered a small baggie of crack cocaine stuffed in the seat cushion where Crowley had been sitting. Crowley was arrested and charged with tampering with evidence and possession of drugs.
 {¶ 7} After a jury trial, Crowley was found guilty of all the charges contained in the indictment and sentenced accordingly. It is from this judgment that Crowley now appeals. *Page 4 
 II {¶ 8} As both of Crowley' s assignments of error are interrelated, they will be discussed together:
 {¶ 9} "THERE WAS INSUFFICIENT EVIDENCE TO CONVICT APPELLANT OF TAMPERING WITH EVIDENCE AND POSSESSION OF CRACK COCAINE."
 {¶ 10} "THE JURY VERDICT SHOULD BE REVERSED BECAUSE IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 11} In his first assignment, Crowley contends that there was insufficient evidence to find him guilty of possession of drugs and tampering with evidence because no crack cocaine was found on him and because he was a passenger in a vehicle that he did not own. Moreover, Crowley argues that the jury's verdict was against the manifest weight of the evidence because the evidence adduced at trial established that the drugs belonged to Smith, the backseat passenger of the vehicle. We disagree.
 {¶ 12} "A challenge to the sufficiency of the evidence differs from a challenge to the manifest weight of the evidence." State v.McKnight, 107 Ohio St.3d 101,112, 837 N.E.2d 315, 2005-Ohio-6046. "In reviewing a claim of insufficient evidence, `[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' (Internal citations omitted). A claim that a jury verdict is against the manifest weight of the evidence involves a different test. `The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of *Page 5 
manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id. (Internal citations omitted).
 {¶ 13} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230, 231, 227 N.E.2d 212. "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness."State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288.
 {¶ 14} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict.State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 15} Officers Kranz, Speakman, Jenkins, and Emmel testified at some length regarding the actions of Crowley while he was in the front passenger seat of the white Pontiac after the driver had been pulled over for expired tags. Specifically, the officers testified that after all of the occupants in the vehicle had been ordered to put their hands up where the officers could see them, Crowley placed his right hand down between the side of the seat and the door on the front passenger side of the vehicle. Despite repeated warnings to raise both of his hands above his head, Crowley kept placing his right hand in the same area out of the view of the police until Officer *Page 6 
police until Officer Jenkins pulled out his service weapon and pointed it at Crowley. At that point, Crowley complied with the officers' orders. Once Crowley was removed from the vehicle and the front passenger area was searched, the officers found a baggie of crack cocaine stuffed in the seat cushion where Crowley had been sitting.
 {¶ 16} In this case, as is true in every criminal case, "the jury is asked to weigh all admissible evidence, both direct or circumstantial, to determine if the defendant is guilty beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support conviction * * *." Id. at ¶ 1 of the syllabus
 {¶ 17} The circumstantial evidence presented at trial led to the inference that Crowley was in possession of the crack cocaine when the initial stop occurred. All of the police officers testified that Crowley was making furtive hand gestures which led them to conclude that he had placed something in the area between the front passenger side seat and the door. After Crowley was removed from the vehicle and the area in question was searched, the police immediately discovered a fairly sizable baggie of crack cocaine. Based on the testimony of the officers and the location in the vehicle where the contraband was found, the obvious inference to be drawn is that Crowley was in possession of the crack cocaine which he placed in the area between the front passenger side seat and the door immediately prior to being removed from the car by the police. Thus, a review of the record convinces us that the State's evidence, taken in its entirety, was *Page 7 
was sufficient to sustain Crowley's conviction for the charged offenses.
 {¶ 18} Crowley's conviction is also not against the manifest weight of the evidence. The credibility of the witnesses and the weight to be given their testimony are matters for the jury to resolve. Crowley presented only minimal evidence in the form of testimony of Dwight Flowers, who simply testified that he did not know Crowley to be a user of crack cocaine. The trial court did not lose its way simply because it chose to believe the State's witnesses, namely the police officers who effected the initial stop and subsequent arrest of Crowley. Officers Kranz, Speakman, and Jenkins testified extensively with respect to the furtive gestures made by Crowley when he placed his right hand down between the side of the passenger seat and the door, the exact area where the baggie of crack cocaine was discovered during the search of the vehicle. Having reviewed the entire record, we cannot clearly find that the evidence weighs heavily against a conviction, or that a manifest miscarriage of justice has occurred.
 {¶ 19} Crowley's first and second assignments of error are overruled.
 IV {¶ 20} All of Crowley's assignments of error having been overruled, the judgment of the trial court is affirmed.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
Amy M. Smith
Christopher B. Epley
Hon. Richard J. O'Neill *Page 1