[Cite as *In re B.R.*, 2014-Ohio-4955.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

|  |  |  |
|---|---|---|
| IN RE:  B.R. | : | |
| | : | Appellate Case No. 26254 |
| | : | |
| | : | Trial Court Case No. 2014-0811 |
| | : | |
| | : | |
| | : | (Appeal from Common Pleas Court, |
| | : |  Juvenile Division) |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of November, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Appellee

CHARLES W. MORRISON, Atty. Reg. #0084368, Holzfaster, Cecil, McKnight & Mues, 1105 Wilmington Avenue, Dayton, Ohio 45420
      Attorney for Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Appellant, B.R., appeals from his adjudication as a delinquent, by reason of committing an offense, that if he were an adult, would constitute a violation of R.C. 2909.05 (B)(1)(b).   B.R. contends that the State failed to present sufficient evidence to support all elements of the offense, and failed to prove that B.R. acted with the requisite degree of knowledge required by the statute. B.R. also contends he was prejudiced by the Court's error in admitting hearsay evidence.

{¶ 2}    We conclude that the evidence was insufficient to prove each element of the offense because the State failed to prove that the property damaged by the actions of B.R. was necessary in order for the property owner to engage in its business or trade. Accordingly, the judgment of the trial court is Reversed.

**I.   B.R.'s Intoxication Caused Him to Lose Control and Crash his Vehicle into the Parking Lot of Tractor Supply Company, Causing Damage to Business Inventory.**

{¶ 3}    On June 2, 2013, B.R., a minor who resides in Centerville, Montgomery County, Ohio, was driving westbound on West Central Avenue in Springboro, Warren County, Ohio, when he lost control of his vehicle due to his intoxication.   B.R.'s vehicle entered the parking lot of Tractor Supply Company and collided with a row of trailers and other inventory stored outside. The store manager estimated the retail value of the damaged inventory exceeded fifteen thousand dollars, which he itemized as thirteen trailers, three paddleboats and a four foot rotary cutter.

Shortly after the crash, the police arrived on the scene and found B.R. outside of his vehicle, bleeding from a head injury, and too intoxicated to stand or make coherent statements. B.R. admitted that he had consumed alcoholic beverages and smoked marijuana prior to crashing the vehicle. When taken to the hospital for treatment, B.R. displayed agitation and hostility toward his parents, making statements that led the officers to conclude that he purposefully crashed the vehicle to get back at his parents. In the notes recorded by hospital staff, B.R. described the incident as an accident that occurred as a result of his intoxication.

## II. The Course of the Proceedings

{¶ 4} In June 2013, a complaint was filed in the Juvenile Division of Warren County Common Pleas Court, charging B.R. with delinquency by reason of an act of vandalism that would constitute a fourth-degree felony, in violation of R.C. 2909.05(B)(1)(b), if committed by an adult. The complaint specifically alleges that B.R. knowingly caused serious physical harm to property that is owned or possessed by Tractor Supply Company, and that such property was necessary for the owner or possessor to engage in the owner's profession, business, trade or occupation.

{¶ 5} After a hearing was conducted before the court magistrate, B.R. was adjudicated a delinquent child based on findings that he had committed three offenses: The offense of operating a motor vehicle under the influence of drugs or alcohol, in violation of R.C. 4511.19(A)(1)(a); the offense of reckless driving, in violation of R.C. 4511.20; and the offense of vandalism in violation of R.C. 2909.05(B)(1)(b). B.R.'s objection to the magistrate's

decision was addressed solely to the vandalism offense; he did not object to the two traffic offenses. The Warren County Juvenile Court overruled the objections, adopted the Magistrate's Decision, and transferred the case to Montgomery County Juvenile Court for disposition, based on the minor's residence in Montgomery County. After a hearing was conducted before a magistrate in Montgomery County Juvenile Court, the court issued an Order of Disposition committing B.R. to the custody of the Department of Youth Services for institutionalization for a minimum period of six months, not to exceed a maximum period that would extend past the minor's 21st birthday. This commitment was suspended on the condition of specific terms of an order of probation, with an additional term of eighteen months of monitored time.

{¶ 6}    From his adjudication and disposition, B.R. appeals.

### III. The State Failed to Prove that the Property Damaged Was Necessary for the Owner of the Property to Engage in its Business or Trade

{¶ 7}   B.R.'s First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN ADJUDICATING APPELLANT DELINQUENT AS THE STATE PROVIDED INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION FOR A VIOLATION OF R.C. 2909.05(B)(1)(b).

{¶ 8}    B.R. contends that the State failed to prove the elements of the offense of vandalism, because there is no evidence that the damaged property was necessary for the property owner to engage in its business, profession or trade.

{¶ 9}   "In reviewing a claim of insufficient evidence, '[t]he relevant inquiry is whether,

after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" (Internal citations omitted). *State v. Crowley*, 2d Dist. Clark No. 2007 CA 99, 2008-Ohio-4636, ¶ 12.

{¶ 10} We have previously held that the Ohio jurisprudence relating to manifest-weight-of-the evidence reviews in criminal cases applies as well to juvenile delinquency adjudications. *In re L.B.*, 2d Dist. Miami No. 2013-CA-22, 2014-Ohio-860, ¶ 10. Similarly, we find that the standard of review for sufficiency-of-the-evidence appeals established in criminal cases may also be applied in a review of a delinquency adjudication.

{¶ 11} In the present case, B.R. was adjudged delinquent based on a specific subsection of the offense of vandalism as proscribed by R.C. 2909.05, which provides in pertinent part as follows:

(B)(1) No person shall knowingly cause physical harm to property that is

owned or possessed by another, when either of the following applies:

* * *

(b) Regardless of the value of the property or the amount of damage done,

the property or its equivalent is necessary in order for its owner or possessor to

engage in the owner's or possessor's profession, business, trade, or occupation.

{¶ 12} To support the adjudication, the record must include sufficient evidence to prove each element of the charged offense: 1) that the minor caused physical harm to property, 2) that the minor acted with knowledge or was aware that his action would cause or was likely to

cause harm,[1] and 3) that the property was necessary for the property owner to engage in the owner's business, trade or profession. There is no dispute that the State established the first element.

{¶ 13} To prove the third element of the offense, the State solicited the following testimony of Bradley Coffman, the manager of the Tractor Supply Company retail store where the incident occurred:

Q. Okay. When you got there were you able to observe the damage?

A. Yes sir.

Q. Okay. Um tell me what did you, generally what did you see and then I'm going to ask you specifically what you saw?

A. Um

Q. What was the scene like there?

A. From the east side of my store, the property line there, there's usually a lot of trailers there uh and they were all completely, well I should say probably the first three were destroyed uh and they were all a mess, wrecked, twisted with debris was laying everywhere.

Q. Okay. What happens if the trailer gets twisted?

A. The frame can be bent, the gates get blown off, planks are bent.

Q. Okay. And can it be used, a trailer that is twisted with a bent frame?

---

[1] Pursuant to R.C. 2901.22 (B), a person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

A. No, not typically.

Q. Okay, why not?

A. Uh, it's out of alignment. Can't be pulled proper.

Q. Okay. And uh when did you work last before June 2nd 2013?

A. I left the store at about probably from after 4PM on June 1st.

Q. Okay. And when you left there did you happen to see the inventory that you had outside?

A. Yes. It was all lined, uh what we call dress right dress, uh neat and proper.

Q. Okay. "Inaudible"

A. Organized.

Q. And it quit functioning and ...

A. Yes sir.

Q. As should be?

A. Yes, sir.

Q. Okay, do you recall how many trailers you had uh parked out there?

A. Believe there were thirteen trailers, uh three paddle boats that were inside it uh three of the five by eight trailers, and there was a next to them at the very end there was a four foot rotary cutter.

Q. Okay.

A. The trunk of the car also.

Q. Okay.

A. And then we go on down the line until the 3 point equipment.

Q. Alright. And just for the record a bush hog is a large mower gets pulled behind a tractor?

A. Yes. By either by a farmer on a tractor typically.

{¶ 14} The testimony of the store manager further revealed the value of each item destroyed from the incident, totaling a sum in excess of $15,000. However, the store manager admitted that they were able to sell most of the damaged items.

Q. Were you able to um move any of the merchandise after it was damaged?

A. Uh it moved um ten trailers, Three of them were not sellable in any condition. They were destroyed, I believe we moved ten trailers um and then two um cattle gates. The paddle boats were also destroyed and the rotary cutter is still there to be sold.

Q. Okay and did you um were you able to sell them at the same prices?

A. No.

Q. Okay they were marked down?

A. Drastically.

***

Q. How does something like this affect your sales goals or affect your inventory?

A. Well I lost you know the retail value minus the what I created in sales but there for about two weeks I didn't have any trailers to sell. And I actually had people coming in all the time do you have trailers to sell and I had no trailers to

sell. I didn't have a single trailer to sell.

{¶ 15} Viewing this evidence in the light most favorable to the prosecution, it is questionable whether this testimony supports the third element of the offense, which requires proof that the damaged property was necessary for the property owner's business or trade. The issue of whether specific property is "necessary" for a property owner's business has been addressed by Ohio appellate courts, with varying outcomes, depending on the facts of each case. We affirmed a delinquency adjudication based on a violation of the same vandalism statute, when a minor destroyed the ankle bracelet she was required to wear as a home monitoring device and the probation officer testified that her duties to supervise the minor could not be performed without the device. *In re L.B.*, 2d Dist. Miami No. 2013-CA-22, 2014-Ohio-860, ¶ 5. We also affirmed a conviction for vandalism brought under R.C. 2905.05 (B)(1)(b) when the defendant broke out the window of a police cruiser, which made the cruiser inoperable for a short period of time, during which one of the essential functions of law enforcement, i.e. transporting prisoners, could not be performed. *State v. Dunfee*, 2d Dist. Miami No. 2007-CA-25, 2008-Ohio-3615, ¶ 36. We conclude that these two cases are distinguishable.

{¶ 16} There is no evidence in the record of the case before us to establish that the damage to the store's property stopped or interrupted the retail store owner from continuing to do business. Although the State relies on the evidence that for two weeks, the store had no trailers to sell, the record does establish that the store sells more than just trailers. The damaged property was part of the inventory stored outside the store, but the record does not establish that selling trailers was an essential part of the store's business, that any items inside the store were

destroyed, that access to the store was blocked, or that any customers were prevented from shopping at the store.

{¶ 17} In *State v. Sullivan*, 8th Dist. Cuyahoga No. 94269, 2010-Ohio-5357, the court reversed a vandalism conviction prosecuted under R.C. 2905.05(B)(1)(b) when the defendant broke the window of a neighborhood center housing a daycare facility and senior citizen programs. The court found the window was not necessary for the center to operate because "there was no evidence presented that the window was necessary for the center to conduct business. In fact, the evidence showed that the broken window had no effect on the center's ability to conduct business. A board was installed over the window to secure it until the glass was replaced two weeks later. There was no evidence that the center had to remain closed during this two week period." *Id.* at ¶13.

{¶ 18} In *In re J.A.J.*, 8th Dist. Cuyahoga No. 96506, 2011-Ohio-4828, it was held that parts of an outdoor learning lab destroyed by vandalism that had occurred outside an elementary school were not essential to the school's ability to engage in outdoor education and learning. The court focused on the fact that the testimony of the principal failed to state how the damaged property was essential or necessary to the school's business of educating its students. *Id.* at ¶ 17. Without specific testimony that the damaged property was necessary to the functions of the school, the Court reversed the finding of delinquency based on insufficiency of the evidence. *Id.* at ¶ 23.

{¶ 19} In the present case, the State has failed to present specific evidence that the damaged inventory was necessary or essential to the store's retail business. Therefore, the

adjudication of delinquency must be Reversed. This holding renders the Second and Third Assignments of error moot.

## IV. Conclusion

{¶ 20} B.R.'s First Assignment of Error having been sustained, and his Second and Third Assignments of error having been overruled as moot, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings, consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Charles W. Morrison
Hon. Nick Kuntz