[Cite as *State v. Davis*, 2021-Ohio-1833.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28923 |
| | : | |
| v. | : | Trial Court Case No. 2020-CRB-1086 |
| | : | |
| CINDY DAVIS | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 28th day of May, 2021.

. . . . . . . . . . .

ERIK R. BLAINE, Atty. Reg. No. 0080726, City of Vandalia Prosecutor's Office, 245 James E. Bohanan Memorial Drive, Vandalia, Ohio 45377
    Attorney for Plaintiff-Appellee

CHRIS BECK, Atty. Reg. No. 0081844, 1370 N. Fairfield Road, Suite C, Beavercreek, Ohio 45432
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Defendant-appellant Cindy Davis appeals from her conviction for one count of littering, in violation of R.C. 3767.32, a misdemeanor of the third degree. Davis filed a timely notice of appeal on September 22, 2020.

{¶ 2} The incident which formed the basis for Davis's conviction occurred after Ashley Lairson, Davis's neighbor,[1] observed what appeared to be fecal matter on her lawn. Thereafter, Lairson and her husband installed security cameras in order to determine who was discarding fecal matter in their yard. While watching video footage from the security cameras, Lairson's husband observed Davis dumping the contents of a bucket over the fence into their yard. Lairson and her husband inspected the area where the dumping had occurred, determined the substance to be fecal matter, and called the police. Vandalia Police Officer David Craine testified that he investigated the report made by the Lairsons and spoke with Davis, who admitted to him that she dumped water from her toilet onto the Lairsons' property. Notably, Davis testified at trial that she had admitted only to dumping sink water onto the Lairsons' property when she was questioned by Officer Craine.

{¶ 3} On June 8, 2020, Davis was charged by complaint with one count of littering; she pled not guilty to the charged offense. A bench trial was held on September 8, 2020. The trial court found Davis guilty of littering, sentenced her to ten days in jail (suspended), and ordered her to not commit any similar offenses for one year. The trial court also ordered Davis to pay a fine of $150 and costs.

---

[1] By the time of trial, Davis had apparently relocated and no longer lived next to the Lairsons.

{¶ 4} It is from this judgment that Davis now appeals.

{¶ 5} Because they are interrelated, we will discuss Davis's first and second assignments of error together as follows:

THE STATE PRESENTED INSUFFICIENT EVIDENCE TO PROVE EVERY ESSENTIAL ELEMENT OF LITTERING BEYOND A REASONABLE DOUBT.

MS. DAVIS['S] CONVICTION FOR LITTERING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 6} In her first assignment, Davis contends that the evidence adduced by the State was insufficient to support her conviction for littering. In her second assignment, Davis argues that her conviction for littering was against the manifest weight of the evidence.

{¶ 7} "In reviewing a claim of insufficient evidence, '[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " (Citations omitted.) *State v. Crowley*, 2d Dist. Clark No. 2007-CA-99, 2008-Ohio-4636, ¶ 12.

{¶ 8} "A challenge to the sufficiency of the evidence differs from a challenge to the manifest weight of the evidence." *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 69. "A claim that a jury verdict is against the manifest weight of the evidence involves a different test. 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its

way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " (Citations omitted.) *Id.* at ¶ 71.

{¶ 9} This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510, *4 (Oct. 24, 1997).

{¶ 10} " 'Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency.' " *State v. Flores-Lopez*, 2d Dist. Montgomery No. 26964, 2016-Ohio-7687, ¶ 26, quoting *State v. McCrary*, 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161, ¶ 11. (Other citations omitted.) "Consequently, 'a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.' " *Id.*, quoting *State v. Braxton*, 10th Dist. Franklin No. 04AP-725, 2005-Ohio-2198, ¶ 15.

{¶ 11} In a bench trial, the trial court acts as the factfinder and determines both the credibility of the witnesses and the weight of the evidence. *State v. Cooper*, 12th Dist. Butler No. CA2010-05-113, 2011-Ohio-1630, ¶ 7; *State v. Carrozza*, 12th Dist. Preble No. CA97-11-029, 1998 WL 812919, *1 (Nov. 23, 1998). Thus, the trial court was entitled to determine what weight to give the testimony of the witnesses before it.

{¶ 12} Davis was convicted of littering in violation of R.C. 3767.32, which prohibits

anyone, regardless of intent, from depositing litter or causing litter to be deposited on private property not owned by the person. R.C. 3767.32(D)(1) defines "litter" as "garbage, trash, waste, rubbish, ashes, cans, bottles, wire, paper, cartons, boxes, automobile parts, furniture, glass, or anything else of an unsightly or unsanitary nature." R.C. 3767.32(D)(2) defines "deposit" as "to throw, drop, discard, or place." Clearly, toilet water containing fecal matter falls under the definition of "waste" and "unsanitary."

{¶ 13} Here, the evidence was sufficient to establish that Davis littered on the Lairsons' property by dumping what appeared to be fecal matter over the fence onto their lawn. As previously stated, the Lairsons installed security cameras in order to determine who was discarding fecal matter in their yard. Upon watching video footage from the cameras, the Lairsons observed Davis dumping the contents of a bucket over the fence into their yard. The Lairsons inspected the area where the dumping had occurred, determined that the substance was fecal matter, and called the police. Officer Craine testified that he investigated the report made by the Lairsons and spoke with Davis, who admitted to him that she dumped water from her toilet onto the Lairsons' property. Officer Craine also investigated the area in the Lairsons' yard where Davis had dumped the contents of the bucket and determined that the dumped substance was most likely fecal matter. Upon review of the record, we find that the State presented sufficient evidence to support Davis's conviction for littering.

{¶ 14} Furthermore, we find no merit in Davis's manifest-weight challenge. It is well-settled that evaluating witness credibility is primarily for the trier of fact. *State v. Benton*, 2d Dist. Miami No. 2010-CA-27, 2012-Ohio-4080, ¶ 7. Here, the trial court reasonably credited the testimony provided by the State's witnesses, applied that

evidence and all reasonable inferences to the elements of the offense, and found Davis guilty.   Additionally, the trial court was free to discredit Davis's testimony that she only poured water from her sink onto the Lairsons' property.   Having reviewed the entire record, we cannot find that the evidence weighed heavily against conviction or that a manifest miscarriage of justice occurred.

{¶ 15} Davis's first and second assignments of error are overruled.

{¶ 16} Because they are also interrelated, we will discuss Davis's third and fourth assignments of error together as follows:

THE TRIAL COURT ERRED IN ADMITTING THE SECURITY CAMERA FOOTAGE WITHOUT PROPER AUTHENTICATION.

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 17} In her third assignment, Davis argues that the trial court erred when it admitted the Lairsons' security camera footage into evidence without its first being properly authenticated.   In her fourth assignment, Davis contends that she received ineffective assistance when her counsel failed to object to the admission of the security camera footage into evidence at trial.   Since defense counsel did not object to the admission of the security camera footage during trial, Davis has waived all but plain error for the purposes of appeal.

{¶ 18} For plain error to exist, the defect in the trial proceedings must be obvious and must have affected the outcome of the trial. *State v. Payne*, 114 Ohio St.3d 502,

2007-Ohio-4642, 873 N.E.2d 306, ¶ 16. "Notice of plain error 'is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 108, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 19} "Evid.R. 901(A) requires, as a condition precedent to the admissibility of evidence, a showing that the matter in question is what it purports to be." *State v. Simmons*, 2d Dist. Montgomery No. 24009, 2011-Ohio-2068, ¶ 12. The threshold standard for authenticating evidence is low, *State v. Wiley*, 2d Dist. Darke No. 2011-CA-8, 2012-Ohio-512, ¶ 11, and Evid.R. 901(B) provides examples of numerous ways that the authentication requirement may be satisfied. The most commonly used method is testimony that a matter is what it is claimed to be under Evid.R. 901(B)(1). *Royse v. Dayton*, 195 Ohio App.3d 81, 2011-Ohio-3509, 958 N.E.2d 994, ¶ 27 (2d Dist.).

{¶ 20} A video is treated like a photograph under the rules of evidence. See Evid.R. 1001(2). Photographic evidence is admissible under two different theories. *State v. Pickens*, 141 Ohio St.3d 462, 2014-Ohio-5445, 25 N.E.3d 1023, ¶ 150. Under the "pictorial testimony" theory, " 'the photographic evidence is merely illustrative of a witness' testimony.' " *Id.*, quoting *Midland Steel Prods. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 129, 573 N.E.2d 98 (1991). Under the "silent witness" theory, " 'the photographic evidence is a "silent witness" which speaks for itself, and is substantive evidence of what it portrays independent of a sponsoring witness.' " *Id.*, quoting *Midland Steel* at 130.

{¶ 21} The security camera footage here was admissible under the "silent witness" theory. *See State v. Maiolo,* 2d Dist. Clark No. 2015-CA-15, 2015-Ohio-4788, ¶ 12.

Ashley Lairson testified from personal knowledge regarding the purchase of the security cameras, where the cameras were positioned, and the footage that was recorded depicting Davis dumping a substance from a bucket onto the Lairsons' property. "No expert was required to substantiate the reliability of the surveillance system." *Pickens* at ¶ 151, citing *Midland Steel* at 130. Additionally, Davis does not allege any problem with the recording itself. *See Maiolo* at ¶ 12. "Under these circumstances," the Ohio Supreme Court has concluded, "the state adequately showed the reliability of the surveillance system and the videos produced by it. Thus, the surveillance videos were properly authenticated." (Citations omitted.) *Pickens* at ¶ 151, citing *Midland Steel* at 130. Accordingly, the trial court did not err, plainly or otherwise, when it admitted the Lairsons' security camera footage into evidence.

{¶ 22} Lastly, Davis argues that her counsel was ineffective for failing to object to the admission of the security camera footage at trial. We review alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 688. "To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and

a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. * * *" *State v. Mitchell*, 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31.

{¶ 23} An appellant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. *State v. Brown*, 38 Ohio St.3d 305, 319, 528 N.E.2d 523 (1988). The test for a claim of ineffective assistance of counsel is not whether counsel pursued every possible defense; the test is whether the defense chosen was objectively reasonable. *Strickland*. A reviewing court may not second-guess decisions of counsel which can be considered matters of trial strategy. *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. *State v. Cook*, 65 Ohio St.3d 516, 524, 605 N.E.2d 70 (1992).

{¶ 24} Given our analysis with respect to Davis's third assignment of error, namely that the trial court did not err when it admitted the security camera footage into evidence, we cannot say that Davis's counsel was ineffective for failing to object to the video's admission.

{¶ 25} Davis's third and fourth assignments of error are overruled.

{¶ 26} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Erik R. Blaine
Chris Beck
Hon. Robert E. Messham, Jr., Visiting Judge