[Cite as *State v. Biswa*, 2022-Ohio-3156.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29383 |
| | : | |
| v. | : | Trial Court Case No. 2021-CRB-3806 |
| | : | |
| KUL BISWA | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of September, 2022.

. . . . . . . . . . .

STEPHANIE L. COOK, Atty. Reg. No. 0067101 & STEPHEN D. MARLOWE, Atty. Reg. No. 0072100, Assistant Prosecuting Attorney, City of Dayton Prosecutor's Office, Appellate Division, 335 West Third Street, Room 380, Dayton, Ohio 45402
    Attorneys for Plaintiff-Appellee

ANDREW R. BARNES, Atty. Reg. No. 0076969, 10 North Ludlow Street, Suite 200, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** Kul Biswa was convicted after a bench trial in the Dayton Municipal Court of sexual imposition, a third-degree misdemeanor. Biswa appeals from his conviction, challenging the admission of a video of the encounter and claiming that his conviction was based on insufficient evidence and was against the manifest weight of the evidence. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

**{¶ 2}** The State's evidence at trial consisted of the testimony of Kimetria Higgins, the complainant, and a brief video-recording of the incident. Biswa did not present any witnesses or exhibits in his defense. The evidence established the following facts.

**{¶ 3}** During the evening of October 5, 2021, Higgins went to the Community Food Mart to purchase lottery tickets. As she sat in her car talking to her cousin, she saw Biswa, whom she did not know, going in and out of the store. After approximately 15 minutes, while Biswa was outside, Higgins went inside the store and made her purchase at the counter. When Higgins moved to the side to scratch her tickets, Biswa re-entered the store. Higgins saw in her periphery that Biswa was standing to her right, staring at her. Biswa's behavior made Higgins feel uncomfortable, and she thought it was inappropriate. She told him, "You don't just stare at people. If you're going to stare, you speak, 'Hi.' " Biswa left the store.

**{¶ 4}** Higgins continued to stand at the counter, playing her lottery tickets, which needed to be scanned. Biswa returned to the store and walked past Higgins. As Higgins spoke to the cashier, Biswa again walked to the door. As he passed Higgins, he squeezed her buttocks. Higgins testified that he "touched me like he knew me."

{¶ 5} Higgins became angry. She pushed Biswa as he was going out the door and cursed at him. Higgins told him, "You don't know me. You don't put your f*cking hands on me." She followed him outside and continued to push him as he was walking away. She also tried to throw a rock at him but was unable to do so due to an injured shoulder. Biswa laughed, said "F*ck you, bitch," gave her "the finger," and walked away. Higgins followed Biswa to his home in her car, but she returned to the store without confronting him.

{¶ 6} Back at the store, Higgins asked the employee if there was a surveillance tape, and the employee responded affirmatively. Higgins also called her best friend and said that a man "just groped me in the store. He don't even know me." She went home without calling the police. The next day, Higgins returned to the store and asked to see the surveillance video. The store owner responded that he could only give the tape to the police if they requested it.

{¶ 7} During the next two weeks, Higgins went to the store to buy more lottery tickets, but she did not see Biswa there. When she saw Biswa outside the store again on October 19, 2021, she called the police to report the October 5, 2021 incident. The police responded to the store, and Biswa was apprehended.

{¶ 8} On October 24, 2021, Biswa was charged by complaint with sexual imposition, in violation of R.C. 2907.06(A)(1), a third-degree misdemeanor. The matter proceeded to a bench trial during which Higgins testified and the State played a short video of the incident, over defense counsel's objections. At the conclusion of the trial, the court found Biswa guilty. The court ordered a presentence investigation and later

sentenced Biswa to 60 days in jail, all of which were suspended, and basic supervised probation for one year, with conditions. The court designated him a Tier I sex offender.

{¶ 9} Biswa appeals from his conviction, raising six assignments of error. We will address them in an order that facilitates our analysis.

### III. Sufficiency and Manifest Weigh of the Evidence

{¶ 10} In his fifth and sixth assignments of error, Biswa claims that his conviction was based on insufficient evidence and was against the manifest weight of the evidence.

{¶ 11} "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The relevant inquiry is whether any rational finder of fact, viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997). A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." *Id.*

{¶ 12} In contrast, "[a] weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." (Citation omitted.) *Wilson* at ¶ 12; *see Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19. When reviewing an argument challenging the weight of the evidence, an appellate court may not substitute its view for that of the trier of fact. Rather, we review the entire record, weigh the

evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). A judgment of conviction should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. *Martin* at 175.

{¶ 13} We recognize that, in other assignments of error, Biswa challenges the trial court's admission of the video, State's Exhibit 1. However, when reviewing claims based on the sufficiency or manifest weight of the evidence, we are required to consider all of the evidence admitted at trial, regardless of whether it was admitted erroneously. *See State v. Fleming*, 2d Dist. Clark No. 2021-CA-40, 2022-Ohio-1876, ¶ 27, citing, *e.g., State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284. Accordingly, we must consider State's Exhibit 1 as part of our analysis.

{¶ 14} Biswa was found guilty of violating R.C. 2907.06(A)(1), which provides: "No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies: (1) The offender knows that the sexual contact is offensive to the other person * * * or is reckless in that regard." "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶ 15} "A person acts knowingly, regardless of purpose, when the person is aware

that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶ 16} "Culpable mental states are frequently demonstrated through circumstantial evidence." *State v. Hypes*, 2d Dist. Clark No. 2018-CA-110, 2019-Ohio-4096, ¶ 21, quoting *State v. Fox*, 2018-Ohio-501, 106 N.E.3d 224, ¶ 14 (10th Dist.). Circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), citing *State v. Nicely*, 39 Ohio St.3d 147, 529 N.E.2d 1236 (1988); *State v. St. John*, 2d Dist. Montgomery No. 27988, 2019-Ohio-650, ¶ 49. In some cases, "circumstantial evidence may be more certain, satisfying, and persuasive than direct evidence." *State v. Jackson*, 57 Ohio St.3d 29, 38, 565 N.E.2d 549 (1991). A defendant's state of mind may be inferred from the totality of the circumstances. *State v. Murphy*, 2d Dist. Montgomery No. 27802, 2018-Ohio-3506, ¶ 16.

{¶ 17} An accused cannot be convicted of sexual imposition "solely upon the victim's testimony unsupported by other evidence." R.C. 2907.06(B).

{¶ 18} On appeal, Biswa argues that the State failed to prove that he knew the contact was offensive or that he was reckless in that regard. His appellate brief states that he originally was from another country and may have been raised in a different environment that does not conform to the standards and social interactions of the United States. Biswa did not testify at trial, and we cannot speculate as to his upbringing and

its impact on his actions here.

{¶ 19} Regardless, the trial court could have reasonably concluded from the circumstances surrounding the encounter that Biswa knew his grabbing of Higgins's buttocks would be offensive to her or that he was reckless in that regard. Higgins and Biswa did not know each other and, shortly before the touching, Higgins had scolded Biswa for staring at her in a way that made her feel uncomfortable. Higgins testified that Biswa left the store after that initial encounter and then re-entered. They did not speak again before Biswa grabbed and squeezed her buttocks. The surveillance camera captured the moment when Biswa grabbed Higgins's buttocks and corroborated her description of his conduct.

{¶ 20} The video further showed that Higgins was both surprised and angered by Biswa's actions. After the touching, Higgins followed Biswa outside, pushing and cursing at him. Higgins also testified that when she tried to throw a rock at him, Biswa laughed, cursed at her, made a rude gesture, and walked away. Nothing in his response suggested that he was unaware that Higgins would find his actions offensive.

{¶ 21} With the evidence before it, the trial court reasonably concluded that Biswa had sexual contact with Higgins and that he knew the touching was offensive to Higgins or was reckless in that regard. Accordingly, Biswa's conviction was based on sufficient evidence and was not against the manifest weight of the evidence.

{¶ 22} Biswa's fifth and sixth assignments of error are overruled.

### III. Admission of Video Evidence

{¶ 23} Biswa's first, second, third, and fourth assignments of error each challenge

the admission of State's Exhibit 1.   He argues that that the video was not properly authenticated, that it failed to satisfy the best evidence rule, that the State failed to establish a chain of custody for the video, and that he was prejudiced by the absence of a full video showing the entire interaction between Higgins and Biswa.

{¶ 24} State's Exhibit 1 is an 11-second video-recording of a cell phone playing surveillance video from the store.   The time-stamp indicates that the surveillance video was recorded on October 5, 2021, between 7:30:50 and 7:31:02 p.m.   The video initially shows Higgins standing at the check-out counter and Biswa standing to her right facing the door, which was to her left.   Biswa walked behind her, grabbing her buttocks as he passed.   Higgins looked to her right, then left, and pushed Biswa toward the door.   She appeared to be saying something to him as she pointed and then followed him out.   The surveillance video had no sound.

{¶ 25} The admission or exclusion of relevant evidence is within the sound discretion of the trial court, and we review that decision for an abuse of discretion.   *State v. Jali*, 2d Dist. Montgomery No. 28294, 2020-Ohio-208, ¶ 39.   The term "abuse of discretion" indicates an attitude that is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**A. Authentication**

{¶ 26} First, Biswa claims that State's Exhibit 1 should not have been admitted, because the exhibit was not properly authenticated.

{¶ 27} Authentication is governed by Evid.R. 901.   "Evid.R. 901(A) requires, as a condition precedent to the admissibility of evidence, a showing that the matter in question

is what it purports to be." *State v. Simmons*, 2d Dist. Montgomery No. 24009, 2011-Ohio-2068, ¶ 12; *State v. Hatfield*, 2d Dist. Montgomery No. 28990, 2022-Ohio-148, ¶ 84. "The threshold standard for authenticating evidence is low, meaning that the party seeking to introduce the disputed evidence need only demonstrate 'a reasonable likelihood that the evidence is authentic.' " (Citations omitted.) *State v. Shropshire*, 2d Dist. Montgomery No. 28659, 2020-Ohio-6853, ¶ 11.

{¶ 28} Evid.R. 901(B) provides examples of several ways that the authentication requirement may be satisfied. The most common method is oral testimony that a matter is what it is claimed to be under Evid.R. 901(B)(1). *E.g., State v. Quarles*, 2015-Ohio-3050, 35 N.E.3d 616, ¶ 34 (2d Dist.); *State v. Renner*, 2d Dist. Montgomery No. 25514, 2013-Ohio-5463, ¶ 30.

{¶ 29} A video is treated like a photograph under Ohio's evidentiary rules. *See* Evid.R. 1001(2). Photographic evidence is admissible under two different theories. *State v. Pickens*, 141 Ohio St.3d 462, 2014-Ohio-5445, 25 N.E.3d 1023, ¶ 150; *State v. Davis*, 2d Dist. Montgomery No. 28923, 2021-Ohio-1833, ¶ 20. Under the "pictorial testimony" theory, the photographic evidence is "merely illustrative of a witness' testimony and it only becomes admissible when a sponsoring witness can testify that it is a fair and accurate representation of the subject matter, based on that witness' personal observation." *Id.*, quoting *Midland Steel Prods. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 129, 573 N.E.2d 98 (1991). Alternatively, under the "silent witness" theory, the photographic evidence is a "silent witness" which "speaks for itself, and is substantive evidence of what it portrays independent of a sponsoring witness." *Id.*, quoting *Midland Steel* at 130.

**{¶ 30}** At the conclusion of the State's case-in-chief, defense counsel objected to the admission of the video. She argued, in part, that "there was not a clerk or store employee who testified to how the video is obtained, how their camera system works, what makes it accurate[.]" Trial Tr. 26. This argument was directed to the admission of the video under the "silent witness" theory.

**{¶ 31}** Higgins, however, testified regarding Biswa's actions as a witness to the incident, and the video was merely illustrative of her testimony. Accordingly, in accordance with the pictorial testimony theory, there was no need for the State to call a witness related to how the video was made. *State v. Ollison*, 2016-Ohio-8269, 78 N.E.3d 254, ¶ 48 (10th Dist.). Rather, it was sufficient for Higgins to testify that the video was a fair and accurate depiction of the event. *See id.*

**{¶ 32}** Before State's Exhibit 1 was shown, Higgins testified that the incident with Biswa was "caught on videotape," that she had had a chance to review that video, and that the video was a fair and accurate depiction of what happened to her. She then identified herself and Biswa on the video, and pointed out that Biswa walked behind her and grabbed and squeezed her buttocks. Higgins properly authenticated the video by testifying that it accurately displayed what had occurred.

### B. Best Evidence Rule

**{¶ 33}** Second, Biswa claims that State's Exhibit 1 did not comply with the best evidence rule.

**{¶ 34}** Evid.R. 1002, which restates the traditional "best evidence rule," provides that to prove the contents of a writing, recording, or photograph, the original must be

offered as evidence unless a foundation is laid for its non-production. *State v. Froman*, 162 Ohio St.3d 435, 2020-Ohio-4523, 165 N.E.3d 1198, ¶ 100; *Verma v. Verma*, 179 Ohio App.3d 637, 2008-Ohio-6244, 903 N.E.2d 343, ¶ 31 (2d Dist.). However, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Evid.R. 1003. A "duplicate" includes a counterpart produced by electronic re-recording. Evid.R. 1001(4).

{¶ 35} Duplicates are treated as originals and, thus, as the best evidence. *State v. Muhleka*, 2d Dist. Montgomery No. 19827, 2004-Ohio-1822, ¶ 66; 1980 Staff Notes to Evid.R. 1002 and Evid.R. 1003. Consequently, the party opposing the introduction of the duplicate as the best evidence has the burden of proving that there is a genuine question as to the authenticity of the original or that it would be unfair to admit the duplicate. *Muhleka* at ¶ 66. Several courts have permitted cell phone copies of surveillance videos under Evid.R. 1003. *See, e.g., State v. Jeter*, 7th Dist. Columbiana No. 20 CO 0017, 2021-Ohio-4658; *State v. Ollison*, 2016-Ohio-8269, 78 N.E.3d 254, ¶ 52 (10th Dist.); *State v. Taylor*, 8th Dist. Cuyahoga No. 98107, 2012-Ohio-5421, ¶ 39.

{¶ 36} At trial, Biswa objected to the admission of State's Exhibit 1 based on the best evidence rule. Defense counsel agreed that State's Exhibit 1 was the video that had been disclosed, but argued that the prosecutor should have gotten the original video. The prosecutor responded, saying "[I]t's not possible to always do that." Trial Tr. 19. Despite Biswa's objection, there is nothing in the record to suggest that the original video was not authentic or that it would be unfair to admit the duplicate. On this record, the

trial court did not abuse its discretion in permitting the admission of the duplicate recording.

### C. Chain of Custody

{¶ 37} Biswa next argues that the trial court erred in admitting the video without a proper chain of custody. At trial, Biswa challenged the admission of the video due to lack of authentication, but he did not specifically mention the lack of chain-of-custody evidence.

{¶ 38} As part of the authentication and identification requirements of Evid.R. 901, the State bears the burden of establishing the chain of custody of any physical evidence that is, by nature, "fungible and indistinguishable, having no unique characteristics, like a pill." *State v. Wiley*, 2d Dist. Darke No. 2011-CA-8, 2012-Ohio-512, ¶ 12; *see State v. Lawson*, 2020-Ohio-6852, 164 N.E.3d 1130, ¶ 76 (2d Dist.), citing *State v. Ramos*, 2d Dist. Montgomery No. 28214, 2019-Ohio-3588, ¶ 22-23. When a chain of custody is required, the State need only establish that it is reasonably certain that no tampering, alterations, or substitutions has occurred. *State v. Young*, 2d Dist. Montgomery No. 24997, 2013-Ohio-618, ¶ 35. In general, challenges to the chain of custody of an item go to the weight to be afforded the evidence, not to the admission of the evidence. *Lawson* at ¶ 77.

{¶ 39} The surveillance video of the October 5, 2021 incident was not fungible and indistinguishable by nature and, therefore, did not require authentication with evidence of a chain of custody. It was sufficient for Higgins to testify that the video was a fair and accurate recording of what occurred. We find no error in the trial court's admission of

the video without evidence of a chain of custody.

### D. Absence of Complete Video

{¶ 40} Finally, Biswa claims that he was prejudiced by the State's failure to produce the full surveillance video. Because Biswa did not raise this argument at trial, he has waived it, but for plain error. Plain error exists when, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Henderson*, 2d Dist. Montgomery No. 28241, 2020-Ohio-6, ¶ 29, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. Plain error should be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *State v. Singleton*, 2d Dist. Montgomery No. 26889, 2016-Ohio-5443, ¶ 45.

{¶ 41} Biswa asserts on appeal that a complete video would have provided insight into the interaction of Higgins and Biswa and to the events leading up to the contact. He argues that he was unfairly prejudiced by the absence of the full original video, but the record does not indicate whether the full video would have shown anything different from how Higgins testified. We find no plain error in the admission of State's Exhibit 1.

{¶ 42} Biswa's first, second, third, and fourth assignments of error are overruled.

### IV. Conclusion

{¶ 43} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .


WELBAUM, J. and LEWIS, J., concur.

Copies sent to:

Stephanie L. Cook
Amy B. Musto
Andrew D. Sexton
Stephen D. Marlowe
Andrew R. Barnes
Hon. Mia Wortham Spells